KIRBY *v.* MANIES.

5-2410                              351 S. W. 2d 429

Opinion delivered December 4, 1961.

*Gus R. Camp,* for appellant.

*Trantham & Knauts,* by *Hugh W. Trantham,* for appellee.

GEORGE ROSE SMITH, J.   This is a will contest in which the appellant, Charles Kirby, seeks to set aside the will of his mother, Dora Wallace, for undue influence assertedly exercised by the appellee, the principal beneficiary of the will. The appellee is the testatrix's stepgrandson, being the grandson of her second husband. This appeal is from a judgment holding the will to be valid.

The testatrix lived for fifty years upon a forty-acre farm near Rector, in Clay county. She died in 1960 at about the age of 77. Her will had been executed in 1955 in the office of her attorney, Verlin Upton, who testified that the testatrix acted upon her own volition and appeared to be in her normal condition at the time.

Mrs. Wallace left a bequest of $100 to the appellant, her only child. He was 57 years old when the case was tried. He testified that he left his mother's home when he was 21 and had been living at Elaine, in Phillips county, for 17 years. The rest of the testatrix's estate, consisting principally of a farm inventoried at a value of $5,000, was left to the appellee. He was 38 when the case was heard. He had been brought up by Mrs. Wallace and had lived in her home from the time he was 20

months old until her death 36 years later. For the last 24 years of that period Mrs. Wallace was a widow.

The principal charge relied upon by the appellant is that upon several occasions the appellee threatened to leave Mrs. Wallace's home if she did not make a will in his favor. Such statements, standing alone, would not constitute undue influence, which must deprive the testator of his free agency in the disposition of his property. *Parette* v. *Ivy,* 209 Ark. 364, 190 S. W. 2d 441. It is not suggested that Mrs. Wallace was in any way helpless or especially dependent upon the appellee, so that his so-called threats amounted to the taking of an unfair advantage. To the contrary, the statements really amounted to a declaration that he would remain in the home and assist in the operation of the farm only if Mrs. Wallace would leave the property to him upon her death. That conduct falls decidedly short of being undue influence.

There is also testimony that the appellee kept the testatrix in a state of fear, principally by threatening to kill her son, the appellant. This testimony was given by the appellant and members of his immediate family and appears, to say the least, to be greatly exaggerated. It is directly contradicted by the appellee and indirectly contradicted by several of the testatrix's neighbors and friends, who believed that Mrs. Wallace was very fond of the appellee. We agree with the trial judge in finding it impossible to believe, as the appellant's proof indicates, that Mrs. Wallace lived in a state of fear and dread for fifteen years or more without her friends and neighbors having any suspicion that such a situation exited.

Affirmed.